```
                        United States Bankruptcy Court
                         Eastern District of New York
```

In re:                                                              Case No. 14-41110-ess
Harvey Hernandez                                                    Chapter 7
        Debtor

# CERTIFICATE OF NOTICE

```
District/off: 0207-1         User: admin              Page 1 of 1          Date Rcvd: Jun 19, 2014
                             Form ID: 262             Total Noticed: 9
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 21, 2014.
```
db          +Harvey Hernandez,    78-12 35th Avenue,    #3-M,    Jackson Heights, NY 11372-2551
smg         +NYC Department of Finance,    345 Adams Street, 3rd Floor,    Attn: Legal Affairs - Devora Cohn,
              Brooklyn, NY 11201-3719
smg         +NYS Department of Taxation & Finance,    Bankruptcy Unit,    PO Box 5300,    Albany, NY 12205-0300
smg         +NYS Unemployment Insurance,    Attn: Insolvency Unit,    Bldg. #12, Room 256,
              Albany, NY 12240-0001
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg         +E-mail/Text: ustpregion02.br.ecf@usdoj.gov Jun 19 2014 18:04:31
              Office of the United States Trustee,    Eastern District of NY (Brooklyn Office),
              U.S. Federal Office Building,    201 Varick Street, Suite 1006,    New York, NY 10014-9449
8269044      EDI: BANKAMER.COM Jun 19 2014 18:08:00     Bank of America,    P.O.Box  851001,
              Dallas, TX 75285-1001
8269043      EDI: BANKAMER.COM Jun 19 2014 18:08:00     Bank of America,    P.O.Box 15019,
              Wilmington, DE 19886-5019
8269046      EDI: CITICORP.COM Jun 19 2014 18:08:00     Citi Card,   P.O.Box 183113,    Columbus, Ohio 43218
8269045      EDI: CHASE.COM Jun 19 2014 18:08:00     Chase,   Cardmember Service,    P.O.Box 15153,
              Wilmington, DE 19886-5153
                                                                                               TOTAL: 5

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 21, 2014                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 19, 2014 at the address(es) listed below:
```
              Debra Kramer    dkramer@kramerpllc.com;trustee@kramerpllc.com, ny73@ecfcbis.com
              Office of the United States Trustee    USTPRegion02.BR.ECF@usdoj.gov
              Silvia A Bevilacqua    on behalf of Debtor Harvey  Hernandez sabpc.law@gmail.com
                                                                                               TOTAL: 3
```

**Form BLdfnld7** (12/01/2007)

# United States Bankruptcy Court

Eastern District of New York
271−C Cadman Plaza East, Suite 1595
Brooklyn, NY 11201−1800

|  |  |
|---|---|
| IN RE: | CASE NO: 1−14−41110−ess |
| Harvey Hernandez | |
| 78−12 35th Avenue<br>#3−M<br>Jackson Heights, NY 11372 | |
| Name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address. | |
| Social Security/Individual Taxpayer ID/Taxpayer ID/Employer ID No.: | CHAPTER: 7 |
| xxx−xx−0518 | |
| DEBTOR(s) | |

## DISCHARGE OF DEBTOR(S)
## ORDER OF FINAL DECREE

A petition under title 11, United States Code was filed by or against the Debtor(s) on March 12, 2014; an order for relief was entered under Chapter 7; no order denying a discharge has been granted.

It appearing that the debtor(s) is entitled to a discharge and the estate of the above named debtor(s) has been fully administered.

**IT IS ORDERED**:

- The debtor(s) is granted a discharge under Section 727 of Title 11, United States Code, (the Bankruptcy Code).

- Debra Kramer (Trustee) is discharged as trustee of the estate of the above−named debtor(s) and the bond is cancelled.

- The Chapter 7 case of the above−named debtor(s) is closed.

BY THE COURT

Dated: June 19, 2014    s/ Elizabeth S. Stong
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

**Form BLdfnld7**(12/01/2007)

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person(s) named as the debtor(s). It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor(s) a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor(s). A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts;

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**